## Bernecker v. Lehigh County

Robert G. Weinert, for plaintiff.

Thomas A. Wallitsch, Assistant County Solicitor, and John P. Thomas, County Solicitor, for defendant.

MELLENBERG, J., October 4, 1976 — Plaintiff instituted the above action in assumpsit by complaint on December 24, 1975. On February 11, 1976, the parties filed a stipulation of facts and subsequent thereto responsive pleadings in agreement with the stipulation of facts filed. Plaintiff, on April 21, 1976, and defendant, on April 26, 1976, each filed a motion for summary judgment under Pa. R.C.P. 1035, which motions are now before the Court for disposition.

The parties, by stipulation, agreed to the following facts:

1. Plaintiff is an individual residing at 2335 Walnut Street, Allentown, Pennsylvania.

2. Plaintiff was appointed the Register of Wills and Clerk of the Orphans' Court of Lehigh County on December 1, 1970, for a term to expire the first Monday of January, 1972.

3. In November of 1971, plaintiff was elected to a four-year term as Register of Wills and Clerk of the Orphans' Court Division of the Court of Common Pleas of Lehigh County, said term to commence on the first Monday of January, 1972, and to expire four years later.

4. Defendant is a County of the Third Class and was so classified on the first Monday of January, 1972.

5. The Act of November 1, 1971, P.L. 495, as amended, 16 P.S. §11011-1 et seq., is the act that

sets the salary for a Register of Wills and for a Clerk of the Orphans' Court in a County of the Third Class whose term of office commenced on the first Monday of January, 1972.

6. Section 7 of the aforesaid Act, 16 P.S. §11011-7, provides that the annual salary of a Register of Wills in a County of the Third Class shall be $17,500.

7. Section 8 of the aforesaid Act, 16 P.S. §11011-8, provides that the annual salary of a Clerk of the Orphans' Court Division of the Court of Common Pleas in a County of the Third Class shall be $17,500.

8. Section 11 of the aforesaid Act, 16 P.S. §11011-11, provides that when any of the officers mentioned in the other sections of the act hold two or more of the offices for which a salary is fixed, he shall receive the highest salary fixed for any one of the offices which he holds, plus an additional $1,000 per annum.

9. Subsection (b) of section 7 of the aforesaid Act, 16 P.S. §11011-7(b), provides that the Registers of Wills shall perform the duties now or hereafter required by law, and shall be the agent of the Commonwealth of Pennsylvania for the collection of Pennsylvania transfer inheritance and estate taxes in the case of resident decedents under the supervision of the Secretary of Revenue and pursuant to the rules and regulations of the Secretary of Revenue.

10. Section 1620 of the Act of August 9, 1955, P.L. 323, as amended, 16 P.S. §1620, provides that the salaries and compensation of county officers shall be as now or hereafter fixed by law.

11. The commission from the Secretary of the Commonwealth states that plaintiff is commis-

sioned to hold the positions of Register of Wills and Clerk of the Orphans' Court Division of the Court of Common Pleas.

12. Plaintiff held the two positions from the first Monday of January, 1972, until the first Monday of January, 1976.

13. On February 17, 1972, plaintiff demanded that the County Commissioners of Lehigh County pay him $18,500 per year.

14. Defendant only paid the plaintiff $17,500 for 1972, and $17,500 for 1973.

15. Commencing with the first pay check in January of 1974, defendant paid the plaintiff $18,500 per year for the balance of his term.

The facts not being in dispute, the parties agree that the question is one of law as to whether plaintiff is entitled to extra compensation in the sum of $1,000 per year for the additional office held under the provisions of the Act of November 1, 1971, P.L. 495, as amended, 16 P.S. §11011-1 et seq. Subsections (a) (3) and (b) of section 7 of the aforesaid Act provide:

"(a) The annual salaries of registers of wills shall be as follows:

". . .

"(3) Counties of the third class . . . $17,500.

"(b) The registers of wills shall perform the duties now or hereafter required by law, and shall be the agent of the Commonwealth of Pennsylvania for the collection of Pennsylvania transfer inheritance and estate taxes in the case of resident decedents under the supervision of the Secretary of Revenue and pursuant to the rules and regulations of the Secretary of Revenue."

Section 8(3) of the Act, 16 P.S. §11011-8(3), provides:

"The annual salaries of the . . . clerks of the orphans' court division of the courts of common pleas shall be as follows:

" . . .

"(3) Counties of the third class . . . $17,500."

Section 11 of the aforesaid Act provides:

"Where any of the officers herein mentioned hold two or more of the offices for which a salary is herein fixed, he shall receive the highest salary fixed for any one of the offices which he holds, plus an additional amount of one thousand dollars ($1,000) per annum."

The agreed to facts indicate that during November, 1971, plaintiff was elected to a four year term as Register of Wills and Clerk of the Orphans' Court Division of the Court of Common Pleas of Lehigh County, said term to commence on the first Monday of January, 1972, and to expire four years later. The aforesaid Act of November 1, 1971, 16 P.S. §11011, was applicable to persons taking office on the first Monday of January, 1972, when plaintiff took office. From January, 1972, defendant paid plaintiff the salary determined by the aforesaid Act for only one of the offices held until January, 1974, when defendant increased plaintiff's salary to the sum of $18,500 per annum reflecting the salary of the one office and the additional $1,000 per annum provided under section 11 of the act, 16 P.S. §11011-11.

The prior Act of the General Assembly dealing with the specific offices involved in the instant case was the Act of January 25, 1966, P.L. (1965) 1556, sec. 1, 16 P.S. §1550, in which the General Assembly set one salary for the office of Register of Wills and ex officio Clerk of the Orphans' Court at $8,760 per year, making no provision for any addi-

tional salary for the two offices. Under the new Act of November 1, 1971, 16 P.S. §11011, the General Assembly recognized and provided for both offices separately and had their intent been to treat them as one office with the responsibility of both offices as prior thereto, the General Assembly, under section 7(b), could have continued the language contained in the prior act. This, the General Assembly did not do and therefore we must conclude that the General Assembly intended that the two offices be treated separately and recognized each as having separate functions with separate salaries. Section 11 of the act provides for such a situation and plaintiff therefore would be entitled to receive the salary of $17,500 as provided for the office of Register of Wills and an additional $1,000 for the office of Clerk of Courts of the Orphans' Court Division of the Court of Common Pleas.

Defendant apparently agreed with this conclusion when it paid plaintiff the additional $1,000 for the years 1974 and 1975, but not for 1972 and 1973. For the foregoing reasons, the following order is entered.

## ORDER

And now, October 4, 1976, for the foregoing reasons, it is ordered that the motion for summary judgment of defendant be, and the same is hereby denied. It is further ordered that the motion for summary judgment of plaintiff be, and the same is hereby granted and judgment is entered in favor of plaintiff against defendant in the sum of $2,000 with interest on $1,000 from January 3, 1972, to January 2, 1973, and interest on $2,000 from January 3, 1973.